IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Tonya E. McGowan,<br><br>                Plaintiff,<br><br>      v.<br><br>Michael J. Astrue, Commissioner<br>of Social Security Administration,<br><br>                Defendant. | C/A No. 2:10-2645-TMC<br><br>**OPINION & ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for supplemental security income ("SSI") benefits under the Social Security Act (the "Act"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed on November 21, 2011. (Dkt. # 18).

**Procedural Background**

Plaintiff applied for SSI on January 30, 2008, with an alleged disability onset date of January 1, 2005, due to depression, anxiety, bipolar disorder, and seizures.[1] Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on September 10, 2009, and on December 18, 2009, the ALJ denied Plaintiff benefits. Plaintiff sought review of her case by the Appeals Council and

---

[1] Plaintiff also testified that she had leukemia at the hearing before the ALJ. However, in her brief, Plaintiff states that "further review of the record indicates that this has not been corroborated in any medical reports." (Pl.'s Br. at 4).

submitted a brief in support. On August 25, 2010, the Appeals Council denied her request for review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a Report on November 21, 2011, in which she recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings. (Dkt. # 18).

The Commissioner filed objections on December 8, 2011. (Dkt. # 19). The Plaintiff did not filed any objections or a response to the Commissioner's objections and the time for doing so has run. Accordingly, this matter is now ripe for review.

## Standard of Review

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does

not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted). The district court need not review issues that are beyond the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Upon careful review

of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

## DISCUSSION

In her brief, Plaintiff alleged that the ALJ erred by finding that Plaintiff could perform past relevant work as a food preparer and a newspaper carrier and in failing to find that she meets Listing 12.04 or 12.08. In her Report, the Magistrate Judge agreed that the ALJ erred in considering Plaintiff's sporadic part-time work as a food preparer and newspaper carrier. (Report at 6). The Magistrate Judge, however, found that the ALJ did not err in finding Plaintiff did not meet Listings 12.04 or 12.08. (Report at 11-12). As noted above, the Commissioner filed objections to the Magistrate Judge's Report regarding Plaintiff's past relevant work, but Plaintiff did not file any objections regarding the Magistrate Judge's Report or file a response to the Commissioner's objections. In the absence of any objections to the Magistrate Judge's conclusion that Plaintiff did not meet Listing 12.04 or 12.08, and satisfied that there is no clear error in regard to this issue, the court accepts the Magistrate Judge's recommendation and affirms the ALJ's conclusion that Plaintiff did not meet Listings 12.04 or 12.08.

In her analysis of whether the ALJ erred in finding Plaintiff had past relevant work as a newspaper carrier and food preparer, the Magistrate Judge noted that Plaintiff testified at the hearing that the newspaper carrier position was not full-time and she worked only two to four hours per day. (Report at 5). The Magistrate Judge stated that the Commissioner "does not dispute the plaintiff's characterization of the work as not vocationally relevant," but rather argues that the error was harmless based upon the vocational expert's testimony. *Id.* The Magistrate Judge found it unlikely that Plaintiff's

4

prior work is vocationally relevant because it would not constitute substantial gainful activity ("SGA").  The Magistrate Judge cited *Stokes v. Brown*, 811 F.2d 814, 817 (3rd Cir. 1987), for the proposition that sporadic, part-time employment does not constitute SGA.  The Magistrate Judge then noted that the ALJ did not make any reference to the vocational expert's testimony and the Commissioner's post-hoc rationalization would not support the ALJ's decision.  (Report at 5-6).

In his objections, the Commissioner contends the Magistrate Judge incorrectly concluded that the ALJ erred in finding Plaintiff could perform her past relevant work.  The Commissioner contends that he never conceded that Plaintiff's past relevant work as a newspaper carrier or food preparer were not vocationally relevant. Further, he reiterates his argument that, even if these jobs were not vocationally relevant, there was evidence (the vocational expert's testimony) that Plaintiff could perform other jobs existing in significant numbers in the national economy.

Plaintiff testified at the hearing that her prior work included a job placing advertisements into newspapers and delivering newspapers for about three years until 2000 or 2001 earning approximately $800-900 a month.  (R. at 28-29; 32).  She testified that she worked two or three hours a day inserting the advertisements into the newspapers and four hours a day actually delivering the newspapers. (R. at 44).  Later in the hearing, Plaintiff testified that she had this job for between six months and one year.  (R. at 51). Plaintiff, however, also filled out a Work History Report and stated that she had worked for the Anderson Independent from 1996-1998 and then the Greenville News from 1998-2000. (R. at 237).  On this form, Plaintiff also stated when she worked as a newspaper carrier, she worked for approximately five to six hours a day, seven days a week and she earned

5

$850-1200 per month. (R. at 119-210; 124). She also testified that she worked at Ryan's preparing food for approximately a year and a half. (R. at 30).

"Past relevant work" is defined as "work that [a claimant] has done within the last 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). SGA is work that is both substantial, in that it involves doing significant mental or physical activities on a full- or part-time basis, and gainful, in that it is the kind of work usually done for pay or profit. *Id*. §§ 404.1510, 416.910; see also id. §§ 404.1572(a)-(b), 416.972(a)-(b). The regulations specifically state that work activity can be substantial, "even if it is done on a part-time basis." *Id.* Work is gainful when it is of a type that is "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). The regulations do not limit past relevant work to only full-time employment. Furthermore, in the case cited by the Magistrate Judge, the claimant worked only sporadically, never more than a couple of months a year, earning approximately $60 per week. *Stokes*, 811 F.2d 817. Clearly, Plaintiff's part-time work as a newspaper carrier is distinguishable and *Stokes* is inapplicable.

Furthermore, the regulations provide guidelines in determining whether work was SGA, including average income guidelines. 20 C.F.R. §§ 404.1574(a), 416.974(a). For work performed between January 1990 and June 1999, monthly earnings averaging more than $500.00 per month "will ordinarily show" SGA under the regulatory guidelines; between July 1999 and December 2000, monthly earnings averaging more than $700.00 per month ordinarily shows SGA; and finally between 2001-2004, $740 a month ordinarily shows SGA. 20 C.F.R. §§ 404.1574(b)(2)(I) (Table 1); 416.974(b)(2)(I) (Table 1).

6

Here, Plaintiff's worked as a newspaper carrier within the last 15 years and her employment lasted three or four years - long enough for her to learn the required duties thereof.[2]  Moreover, the work involved performing significant mental or physical activities on a part-time basis and was performed for pay.  Further, her salary of $800-900 per month[3] also satisfies the regulations which provide that "in evaluating [a claimant's] work activity for [SGA] purposes, [the ALJ's] primary consideration will be the earnings [the claimant] derive[s] from the work activity."  20 C.F.R. § 404.1574(a)(1), 416.974(a)(1).  Accordingly, Plaintiff's employment as a newspaper carrier satisfies the statutory definitions of past relevant work and SGA.  Thus, there is substantial evidence in the record to support the ALJ's determination that Plaintiff had past relevant work which was vocationally relevant.

Further, as substantial evidence in the record supports the ALJ's conclusion that Plaintiff is able to return to her past relevant work, it was not necessary for the ALJ to obtain the testimony of a vocational expert to provide evidence with regard to the existence of alternative work which Plaintiff is capable of performing. *Harper v. Sullivan*, 887 F.2d 92

---

[2]As noted above, Plaintiff stated at one time during the hearing that she worked as a newspaper carrier for only six months to a year.  (R. 51).  However, as noted above, Plaintiff also testified she worked as a newspaper carrier for about three years and she reported in her Work History Report that she worked from 1996-2000 as a newspaper carrier.  The court notes that even if the shortest time was accepted as true, Plaintiff's six months to one year employment as a newspaper carrier would still qualify as SGA.

[3]The court will use the lower amount of earnings which Plaintiff testified to at the hearing, even though there is evidence in the form of Plaintiff's Work History Report in which she self-reported that she actually earned between $850-1200 per month as a newspaper carrier.

(5th Cir.1992). Accordingly, the court declines to accept the part of the Report which recommends that the ALJ erred this case in determining that Plaintiff had past relevant work as a newspaper carrier.

## CONCLUSION

In the absence of any objections, and after a thorough review of the record, the court accepts the part of the Report in which the Magistrate Judge recommends the court hold that the ALJ correctly found Plaintiff did not meet Listing 12.04 and 12.08. Furthermore, the court has reviewed the part of the Report to which the Commissioner objects and agrees with the Commissioner. Because the court finds the ALJ also did not err in concluding Plaintiff could perform past relevant work, the court declines to adopt the Magistrate Judge's recommendation that the Commissioner's decision be reversed and the case remanded for further proceedings. Accordingly, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 19, 2012
Greenville, South Carolina